Tilghman C. J.
The general rule is, that the choses in action, of the wife, survive to her, unless the husband had reduced them into possession,' or assigned, or released them, during the coverture. And the same rule prevails where the husband and wife, jointly, become entitled to a chose in action during the coverture. This sufficiently appears from the cases of Coppin v. --, 2 P. Wms. 497. and Bond v. Simmons, 3 Atk. 21. What then is to take this case out of the general rule ? The plaintiff’s counsel contend that the husband, having died indebted, the creditors have an equitable lien on this recognisance. But that is impossible because the husband never pledged it to them, nor is there any evidence that the debts were contracted on any other than his general credit. No case has been, or can be, cited, where the wife, surviving her husband, has been deprived of her choses in action, in favour of his creditors, unless he had obtained the possession, or made some assignment or disposition of them in his life-time, or stood in the light of a purchaser of his wife’s property, in consequence of marriage articles, or some agreement made on a valuable consideration. But it is said that this recognisance ought to have been to the husband alone, and that the addition of the wife’s, name . was surplusage. On the contrary, I consider it as a very substantial part of the recognisance, and the Orphan’s. Court are to be much commended for taking it in that way. It is hard enough on the wife that, by virtue of the act of assembly,. her real estate is converted into personalty, and placed under the absolute power of the husband, though the recogsance be in their joint names. That there should be no au-j, thority .in the Court to secure a reasonable settlement for thei wife, out of her own estate, is much to be regretted. Cer-| tainly, then, there is no cause of complaint, if the small chance]!/ of preserving her property, by survivorship, is preserved tq her. The circumstance of divorce is of no importance: bej cause the husband did no act, after the divorce, which can have any effect on the case. What his rights were, over this property, after the divorce, or whether he had any rights, it' is not necessary to consider. We shall decide it as the case of a man who, having acquired, jointly with his wife, the right to a chose in action, dies, without having released or assigned it, or-reduced it to possession. For the reasons which íhave given, I am of opinion that it does not go to his administra *494 tor, but to his wife, who survived him. The judgment of the Court of Common Pleas must, therefore, be reversed.
Yeates J. was sick and absent.
Gibson J. concurred.
Judgment reversed.