# SUSANNAH RICHWINE *against* WILLIAM HEIM.

## IN ERROR.

An assignment by a husband, under the insolvent laws, of his wife's choses in action, defeats her right of survivorship, in case he dies before they are reduced into possession.

THIS case came before the court on a writ of error to the District court of York county, where judgment had been rendered for the defendant in error, on the following facts:

The father of the plaintiff by his will, proved in 1787, bequeathed to her certain sums of money, which he left as a charge on his real estate, (part whereof now belongs to the defendant,) and which were made payable to her at successive intervals of seven years, the last of which became due on the 7th March, 1827. In June, 1790, she married *John Richwine,* who afterwards in 1796, took the benefit of the insolvent laws, and assigned all his estate, real and personal, to trustees for the benefit of his creditors. The assignment embraced not only what was set out in the schedule annexed to his petition, but also all other estate that he was possessed of or entitled to, in right of his wife or otherwise. In 1822, *Richwine* died, at which time his trustees had received all the in-

(Susannah Richwine *v*. William Heim.)

stalments due on the land, but that of March, 1827, to recover, which when it fell due suit was brought by his wife.

*Evans*, for the plaintiff in error.

The husband of the plaintiff having assigned under the insolvent laws, we contend that the legacy to the wife not reduced into possession survived to her. *Hammond's Eq. Dig.* 203, §11. 2 *Madox's Chancery*, 16. *Hartman* v. *Doudel*, 1 *Rawle*, 279. The assignment of an insolvent reserves a reversionary interest, and is not absolute but in the nature of a security. Choses in action of the wife not being reduced into possession in the life of the husband survive to her; and the assignment of them merely vests in the assignee, the same right the husband had and subject to the like contingency of surviving to the wife. We do not claim for the payments made before the husbands death.

*Barnitz*, for the defendant in error.

The plaintiff below claimed the payments made in the lifetime of the husband. The cases referred to in England are under the statute of bankruptcy, in a system *sui generis*. In the earlier cases they held, there, that bankruptcy took away survivorship, but this was afterwards doubted. There too the principle prevails, when chancery has possession of a fund, for that court to require a provision for the wife, when application is made for that fund. Here no such jurisdiction exists. But this assignment is under an act of assembly, which requires every possible interest to be assigned. The husband may assign a possibility for a valuable consideration and this excludes the right of survivorship. In the case of *Hartman* v. *Doudel*, the assignment was as a collateral security. That case decides that the husband may assign the choses in action of his wife for a valuable consideration and bar her right of survivorship, but that a voluntary assignment would not have that effect. Here, however, the assignment was absolute, and for the payment of debts, which is a valuable consideration, and not as a collateral security.

*Lewis*, in reply.

The words of the assignment in this case, if they go beyond the law are inoperative. The act of assembly requires that he should assign his estate. What is his estate? His interest in this chose in action was a particular interest subject to the right of survivorship, and so it must be assigned An assignment is a strict legal right, and derives no aid in England from any principle in equity. The case comes precisely within the principle in *Hartman* v. *Doudel*. The assignment was collateral to the debt which remained, and the creditors were not even parties to it. The right to imprison is collateral to the debt. And where an assignment is collateral to the debt, the wife's right of survivorship is not defeated. *Hartman* v. *Doudel*, 1 *Rawle*, 279.

(Susannah Richwine *v.* William Heim.)

The opinion of the court was delivered by

Smith, J. (who after recapitulating the facts, continued.) The assignment was made in pursuance of the act of the 14th of February, 1730, entitled "An act for the relief of insolvent debtors, within the Province of Pennsylvania." 1 *Sm. laws*, 181. Had the husband assigned to the two creditors, who are named as his trustees, all his estate, in discharge of their particular debts, there would be no doubt of their right to the money in question. It would be a perversion of justice, then, to say that his assignment to them, in trust, for the benefit of all his creditors; an assignment without preference, is not equally effectual, in securing the amount to them all. If the assignment had been made, without regard to the act of assembly, it would have passed the absolute right to this money; and as there is nothing in the act, but what strengthens rather than diminishes the consideration, we are of opinion, that the plaintiff's right of survivorship, is defeated. The observations in the case of *Lodge* v. *Hamilton*, 2 *Serg. & Rawle*, 491, strongly fortify this conclusion. The judgment of the District Court must be affirmed.

Judgment affirmed.