## MARY M. HAYWARD *versus* EBENEZER W. HAYWARD, Administrator, &c.

If a distributive share of intestate personal estate accrue to a married woman during coverture, and the husband die before the decree of distribution, and without any act on his part reducing it to possession, it survives to the wife.

THIS was an appeal from a decree of the judge of probate.

By an agreed statement of facts it appeared, that in November, 1831, Seth Hastings died intestate, leaving three children, one of whom was the appellant, at that time the wife of Caleb Hayward ; that letters of administration on the estate of the intestate were duly granted to William S. Hastings ; that in March, 1832, before any distribution of the personal estate was decreed, Caleb Hayward died intestate ; and that letters of administration upon his estate were granted to the appellee.

If upon these facts the Court should be of opinion, that the appellee was entitled to a distributive share of the personal

estate of Seth Hastings, the former accounts of administration settled by the administrator of Seth Hastings, were to be opened, and the decree of distribution made on the settlement of the first account, whereby a portion of the personal estate in the hands of the administrator was distributed among the three children of Seth Hastings, was to be reversed and a new distribution decreed and made. But if the Court should be of opinion, that the appellant was entitled to a distributive share of such personal estate, then distribution was to be decreed, accordingly, of the balance remaining in the hands of such administrator after deducting therefrom the sum of $2000, which was to be afterwards accounted for by him.

The case was argued in writing.

*W. S. Hastings,* for the appellant, cited 2 Kent (2d ed.) 135 to 143 ; *Betts* v. *Kimpton,* 2 Barn. & Adolph. 273 ; Toller, 217, 219, 220, 224, *et seq.*; 7 Am. Jurist, 321, 322, and cases cited ; *Mitford* v. *Mitford,* 9 Vesey, 87 ; 1 Roper on Property of Husband & Wife, 201 *et seq.*, 210, 223, 259, 260 ; Co. Litt. 351 ; *Legg* v. *Legg,* 8 Mass. R. 99 ; *Draper* v. *Jackson,* 16 Mass. R. 486 ; 1 Williams on Executors, 549 *et seq. ; Blount* v. *Bestland,* 5 Ves. 515 ; *Wildman* v. *Wildman,* 9 Ves. 174 ; *Nash* v. *Nash,* 2 Madd. R. 133 ; *Baker* v. *Hall,* 12 Vesey, 497 ; 1 Dane's Abr. 342 ; 2 Com. Dig. *Baron & Feme, E* 3 ; *Garforth* v. *Bradley,* 2 Ves. sen. 676 ; *Richards* v. *Richards,* 2 Barn. & Adolph. 447.

*Washburn,* for the appellee. The first question is, whether the interest of the wife in the distributive share in question was, before a decree of distribution was made, an interest in personal chattels or a *chose in action.* In regard to real estate of an intestate, it is clear, that it passes, immediately upon his death, to his heir. But with regard to the personal estate, the *fee* (if this term may be so used) of the chattels passes to the administrator, who holds them as trustee. The rights of the heir or distributee are merely inchoate, and cannot be enforced until after a decree of distribution ; and then he is not entitled to recover a part of any specific articles, but only a share of the pecuniary value of the personal estate, if the administrator neglects to sever and distribute the personal chattels to the respective distributees. The better opinion therefore seems to

be, that the interest of the distributee is a chose in action. 1 *Hayward v. Hayward.* Dane's Abr. 350, cites *Taber* v. *Packwood*, 1 Day, 150.

The next question is, whether this *chose in action having accrued to the appellant during her coverture*, vested absolutely in the husband, or whether upon his death before a decree of distribution was made, it survived to the wife. We contend, that, upon the death of the intestate, this chose in action, this inchoate right to a distributive share of intestate personal estate, vested immediately in the husband, and must go to his representative, to be distributed as his estate. Toller on Executors, 224, 225 ; *Clapp* v. *Stoughton*, 10 Pick. 468 ; *Commonwealth* v. *Manley*, 12 Pick. 173.

The distinction between the cases seems to be this. The husband has only a qualified interest in choses in action belonging to the wife *before* marriage ; and unless he reduces them to possession during coverture, they become the sole property of the wife if she survives him. But as to choses in action acquired or accruing during coverture, the property in them vests absolutely and at once in the husband. *Clapp* v. *Stoughton*, 10 Pick. 468 ; *Commonwealth* v. *Manley*, 12 Pick. 173, and cases cited ; Toller, 225 ; Com. Dig. (Day's ed.) *Baron & Feme*, E 3 ; *Griswold* v. *Penniman*, 2 Connect. R. 564.

DEWEY J. delivered the opinion of the Court. The question to be decided in this case is, whether the share of personal intestate estate accruing in right of the wife during coverture vests absolutely in the husband, so that in the event of his death before the decree of distribution, the wife will not be entitled to it by survivorship.

It seems to be very clearly settled, and by a uniform current of authorities, that the distributive share in an intestate estate, immediately upon the death of the intestate, vests in the heir at law, and in case of his decease before a decree of distribution, the share belonging to him would go to his personal representative.

In *Brown* v. *Shore*, 1 Shower, 25, the case is thus stated. J. S. died intestate, leaving A. and B. his next of kin. A. dies within a year and before any actual distribution. It was held by Lord *Holt*, that by the death of J. S., A. acquired a present interest, and his share should go to his executor.

In *Cary* v. *Taylor*, 2 Vernon, 302, it was held, that one's share in an intestate estate is " an interest vested, and *that* before any distribution made, or the time by the statute limited for the making distribution was expired." So in *Wallis* v. *Hodson*, 2 Atk. 117, Lord *Hardwicke* says, the distributive shares vest immediately upon the death of the intestate. The same doctrine is found in 1 Madd. Ch. Pract. 637 ; Toller on Executors, 304 ; 2 Roper on Wills, 210 ; Bac. Abr. *tit. Executors and Administrators, I.*

No objection therefore arises to the claim of property in the husband in the distributive share, from the fact, that he deceased before the making of the decree of distribution. But the decision of this point does not settle the general question of the right of survivorship in the wife. The question still recurs, does this interest in the distributive share accruing in the right of the wife during coverture so vest in the husband, that in the event of his decease without any act on his part reducing it to possession, it shall not survive to the wife ?

The general rule as to *choses in action* which belong to the wife at the time of the marriage, is well settled. They do not vest absolutely in the husband. He acquires, by the marriage, only an inchoate right ; he may reduce them to possession and take the avails of them ; but if the wife survives the husband, and the choses remain uncollected, she is entitled to them, and they do not pass to his personal representatives.

The counsel for the administrator of the husband admits this to be the rule of law as to all choses in action thus situated ; but he insists upon a different rule as to all choses and rights of action accruing during coverture, and claims that the latter, without being reduced to possession, vest absolutely in the husband, and in the event of his death do not survive to the wife.

Can this distinction be supported upon principle or by the adjudged cases ? The only English authorities which are relied upon to sustain the position, that the right of survivorship in the wife does not exist in a case like the present, are *Cary* v. *Taylor*, 2 Vern. 302 ; Toller on Executors, 225 ; and Com. Dig. *tit. Baron & Feme, E* 3.

The first of these has been already noticed as a case estab

lishing the doctrine, that a distributive share in an intestate estate vests immediately upon the death of the intestate, in the heir at law.   It seems also to assume, that such a distributive share accruing in right of the wife during coverture, does not survive to the wife in case of the decease of her husband before reducing it to possession.   It is often cited as a leading case to support such a doctrine.   But in fact the question of the right of survivorship of the wife did not arise, as the husband survived the wife, and it further appears from the judgment of the court more fully stated in the later edition of Vernon's Reports, edited by Mr. Raithby, that the case was decided in favor of the husband, on the ground of his rights acquired under a marriage settlement which had been made between the parties.

In Toller on Executors, it is said, that a legacy given to the wife vests in the husband and must be paid to him.   The right of the husband to enforce the payment of a legacy given to his wife, and to assume the entire control and disposition of it, is unquestionable.   He has also the same rights in relation to her choses in action belonging to her before the intermarriage.   In the latter case, it is true, a suit must be instituted in their joint names ; but this does not affect, in the slightest degree, his authority to release the demand, or to appropriate it exclusively for his own benefit.

We were referred to *Comyns's Dig.* (Day's ed.) *tit. Baron & Feme, E*, as sustaining the right of the administrator of the husband.   The principle there stated, and which has a direct bearing upon the question, is only to be found among the *addenda* to Comyns by the American editor, and rests solely upon the case of *Griswold* v. *Penniman*, 2 Connect. R. 564, which will be hereinafter commented upon.

Comyns also states another legal principle, upon which some reliance may be placed by those who deny the right of the wife to take as survivor, and which may deserve consideration. He states the rule of law to be, that if a legacy is bequeathed to a feme covert, and she dies before the payment of the same, her husband, if he survives, is entitled to it.   This position is undoubtedly well sustained by decisions both in England and in this country, (*Schuyler* v. *Hoyle*, 5 Johns Ch

Hayward
*v.*
Hayward

Hayward
*v*
Hayward.

R. 206,) but is not considered by those courts that have thus ruled, as in any degree inconsistent with the doctrine of the right of the wife in case she is the survivor and the right has not been reduced to possession by the husband. *Blount* v *Bestland*, 5 Vesey, 515.

In addition to the English authorities, Reeve's Domestic Relations, 61, and the case of *Griswold* v. *Penniman*, 2 Connect. R. 564, were cited as sustaining the views of the counsel for the plaintiff. ·

Judge *Reeve* holds as the rule at law, that a share of personal intestate estate accruing in the right of the wife during coverture, vests absolutely in the husband, and does not in the event of his death survive to her, while he admits the doctrine in the court of chancery to be the other way. He cites no authority except the case of *Cary* v. *Taylor*, 2 Vernon, 302, which being a case in chancery, it would seem must have been overruled by the subsequent cases ; and as has been already remarked, the case alluded to was decided, not on the general question, but upon a marriage settlement. The opinion of Judge *Reeve*, that the rule at law is as above stated, does not seem to be supported by any adjudicated cases in which the wife had attempted to enforce her claim as survivor, but rests upon the assumption that such must be the rule of law resulting as a necessary consequence from the well established rule, that the husband may sue in his own name in causes of action accruing during coverture.

The case of *Griswold* v. *Penniman*, was decided by the Supreme Court of Connecticut in accordance with the views suggested by Judge *Reeve* in his treatise just referred to. The decision was placed upon the same ground, the court holding the general doctrine to be, that if the husband may sue alone, the property demanded in the suit must have absolutely vested in him, and would not in the event of his decease have survived to the wife. Is that doctrine correct ? I think it is not, and that there are many cases in which the husband may sue in his own name without joining his wife, where the right of the wife as survivor is unquestionable. In the case of a bond given to husband and wife, the husband may sue in his own name. *Ankerstein* v. *Clarke*, 4 T. R. 616 ; 1 Dunlap's

Practice, 42. So, on a covenant made with husband and wife, the husband may bring the action alone. *Beaver* v. *Lane*, 2 Mod. 217.

In both of the above cases the right or cause of action would survive to the wife, if the husband did not reduce the same to possession during his life. *Draper* v. *Jackson*, 16 Mss. R. 482 ; *Schoonmaker* v. *Elmendorf*, 10 Johns. R 49 ; 1 Dunlap's Practice, 43. In 2 Starkie on Evidence, 688, *in notis*, it is said, that there are cases in which a cause of action accrues during marriage, which would survive to the wife, but where the husband may sue alone, as in case of a bond or promissory note given to the wife during coverture. See also 1 Barn. & Ald. 218. If this be correct, then the right of survivorship in the wife is not to be tested by the right of the husband to institute a suit in his own name. A test of a different character is more frequently mentioned in the books, viz. when the wife cannot maintain an action for the same cause, if she survives her husband, the action must be brought by the husband alone. Com. Dig. *Baron & Feme*, *W* ; Bingh. on Coverture, 253 ; 2 Starkie on Evid. 684, *in notis* ; *Draper* v. *Jackson*, 16 Mass. R. 482. It must be conceded that the rules as to the joinder of husband and wife in actions at law are somewhat contradictory, as stated by different elementary writers and in the reported opinions of learned jurists. It may however I think be safely affirmed, that the right of the husband to sue in his own name does not necessarily prove that, as to the interest demanded in the suit, the property had vested absolutely in the husband and would not have survived to the wife.

Leaving for the present the consideration of our own reported cases, it would seem, that the doctrine, that the wife has no right of survivorship in choses in action accruing during coverture, is found directly supported by no decisions to which we are referred, unless it be those of *Cary* v. *Taylor*, and *Griswold* v. *Penniman*, and by no elementary writer except Judge *Reeve.*

The case of *Robinson* v. *Taylor*, 2 Bro. Ch. Cas. 589, is often cited as bearing upon this question, but it only establishes the right of the husband to assign a *chose in action*, accruing dur-

ing coverture. A treatise entitled " Baron and Feme " fur-nishes no authority for the doctrine, except the case of *Cary* v. *Taylor*, so frequently alluded to.

On the other hand, as establishing the right of the wife by survivorship to interests accruing in her right during coverture, and which the husband has not assigned, released or in any way reduced to possession, will be found the following authorities.

In *Garforth* v. *B·adley*, 2 Vesey sen. 676, it was held, that whenever a chose in action comes to the wife, whethci vesting before or after the marriage, if the husband die in the lifetime of the wife, it will survive to the wife, with this distinction, that as to those which accrue during coverture, the husband may for them bring an action in his own name, may disagree to the interest of the wife, and a recovery in his own name is equivalent to reducing it to possession.

In *Elliot* v. *Collier*, 1 Wilson, 618, Lord *Hardwicke* fully sustains the right of the wife as survivor, to choses accruing during coverture, and not reduced to possession.

The case of *Wildman* v. *Wildman*, 9 Ves. 175, was thus : Mrs. Wildman, during coverture, became entitled to a distributive share of personal estate. A part of the estate consisted of three per cent stock. The administrator transferred her share into her name, and thus it stood at the death of the husband ; and the question was, whether this stock constituted a part of the husband's estate, or belonged to the wife by survivorship. The Master of the Rolls, Sir *William Grant*, says, " it is admitted that the interest which she took at the death of the intestate, did not vest absolutely in the husband," and he held further, that the transfer of the stock to her name did not reduce it to the possession of the husband, so as to prevent hei right by survivorship.

In *Baker* v. *Hall*, 12 Ves. 497, the wife was residuary devisee, and her husband was executor, and, as such, took possession of all the estate of the testator, but it was ruled, that ·he legacy to the wife, even with the possession of the husband ıs executor, was not vested in the husband so as to prevent ıts surviving to the wife, upon his decease.

It was held in *Richards* v. *Richards*, 2 Barn. & Adolph

447, that choses in action which are given to the wife either before or after the marriage, survive to her after the death of the husband, provided he has not reduced them to possession. The case of *Nash* v. *Nash*, 2 Madd. R. 133, is also in point. In this case the father, after the marriage of his daughter, drew a check in her favor on his bankers for £10,000. The bankers gave her a promissory note for the amount of the check, and the husband had received on the note £1000, and the interest on the whole sum up to his death. It was held, that upon the death of the husband, the daughter was entitled to the note as a chose in action which had survived to her.

In the opinion given by *Dampier* J. in the case of *Philliskirk* v. *Pluckwell*, 2 Maule & Selw. 393, is cited the case of *Day* v. *Pargrave*, decided in Trinity term 13 and 14 *Geo.* 2 ; where *Lee* C. J. ruled, if a bond is given to the wife during coverture, the husband and wife may have a joint action during their lives, or the husband may during coverture bring such action in his own name, yet if he does not, it survives to the wife.

The general rule of law applicable to the present case is fully and distinctly stated in the treatise of Clancy on Husband and Wife, 4. It is thus : The choses in action accruing to the wife during coverture, as well as those belonging to her at the time of the marriage, are the husband's property only conditionally, that is, provided he reduce them into possession in her lifetime, and if he do not, and he should die first, then she would take them by survivorship.

The doctrine of the right of survivorship in the wife to *choses in action* accruing during coverture, has been very frequently recognised in this country. Our American commentator, Mr. *Dane*, is very explicit on the subject, holding, that a legacy given to a woman during coverture, if not reduced to possession, survives to her, and also that in a distributive share of an intestate estate thus accruing, she has the same right of survivorship. 1 Dane's Abr. 342, 344. Mr. *Dane* cites no authority for these positions, but his decided views on the subject leave no reason to doubt, he states the law as generally understood by his contemporaries. There is an early case which sustains the doctrine of the right of survivorship in the

wife to a chose in action accruing during coverture, which will be found stated in American Precedents of Declarations, (edition of 1810,) 47.

It was the case of *Foster's Executor v. Smith*, decided in the Supreme Court of Massachusetts, A. D. 1784. In this case, a bond was given by the defendant to the wife of Foster, conditioned to pay her a sum of money, and the husband having died without reducing it to possession, the wife surviving, but she also having died before the payment of the money due on the bond, the executor of the husband brought an action to recover the same ; but it was held by the Court, that he could not sustain the action, as the right had survived to the wife.

In the Circuit Court of the United States held in Virginia, (*Marshall* C. J. presiding,) in the case of *Gallego v. Gallego*, 2 Brockenbrough, 285, it was decided, that a legacy is a chose in action, and the marital right of the husband to a legacy given to his wife, does not attach until it is reduced to possession.

So in *Wallace v. Talliaferro*, 2 Call, 447, it was held, that possession taken by the husband as executor, is not such an appropriation as will prevent the wife's right of survivorship.

This subject has been very fully considered in the case of *Wintercast v. Smith*, 4 Rawle, 177, in which it was decided, that a legacy given to a married woman belonged to the wife on the dissolution of the marriage, where the husband had not reduced it to possession. The right of the wife by survivorship as to choses in action accruing during coverture, had been previously recognised in Pennsylvania in the case of *Lodge v. Hamilton*, 2 Serg. & Rawle, 491.

The same doctrine is held in the courts of South Carolina. *Harleston v. Lynch*, 1 Desaussure, 244 ; *Clifton v. Executors of Haig*, 4 Desaussure, 330.

But a case more directly in point and one entitled to great weight as giving us the opinion of a learned jurist, is that of *Schuyler v. Hoyle*, 5 Johns. Ch. R. 196. Mrs. Schuyler was one of the heirs at law of Gerritt Fisher, who died intestate leaving a large personal property. Mr. Schuyler, her husband, died before the payment over by the administrator of Fisher, of the distributive share of his wife, except a small sum which he had received. The wife of Schuyler claimed

the balance as her property by right of survivorship ; and the heirs at law of Mr. Schuyler claimed it as theirs, on the ground, that the distributive share had vested absolutely in him.   The question was fully argued and the earlier authorities cited   Chancellor *Kent,* in the opinion delivered by him, says,  " After looking into the authorities, and upon a consideration of the doctrine of the cases, there remains no doubt in my mind, that the wife was entitled as survivor, to all that portion of her distributive share which remained in the hands of the administrator of Mr. Fisher at the time of her husband's death."   He further adds,  " We should act in contradiction to the whole course of decisions, if we were to consider the share of the wife, before it passed out of the hands of the administrator, as being reduced to the husband's possession."

If this question be an open one in this Commonwealth, it seems to me very clear, that the decided preponderance of authority in favor of the right of the wife should lead us to sustain that doctrine, unless it can be shown that these decisions are erroneous in principle.  For myself, I cannot perceive any tenable ground for a distinction to be taken between choses in action accruing to the wife before or after coverture, as respects her right of survivorship.   I can see a good reason why all her earnings should be entirely blended with her husband's. I can see some reason for the technical rule which requires, that the husband shall join his wife with him in all actions to enforce rights accruing to her before marriage, while he may or may not join her with him in actions, where the interest accrued to her during coverture ; but here, as it seems to me, the distinction ceases, and as regards all rights acquired by devise, by the statute of distributions, or by gift from others, the rights of survivorship should be the same, whether the interest accrues before or after marriage.

This brings us to the inquiry, has this question been judicially settled in this Commonwealth and adversely to the rights of survivorship in the wife ? It is not claimed that it has been, in any case arising under circumstances precisely like the present.   But it is strongly urged upon us, that in several cases certain principles have been recognised by this Court, having a direct bearing on the general question, and which are decisive

against the defendant. The cases referred to are those of *Shuttlesworth* v. *Noyes*, 8 Mass. R. 229 ; *Clapp* v. *Stoughton*, 10 Pick. 468 ; *Commonwealth* v. *Manley*, 12 Pick. 173 ; *Goddard* v. *Johnson*, 14 Pick. 352.

The first of these was a case of a promissory note, payable to a feme covert, the consideration of which was partly a debt due before marriage, and partly a sum due on the distribution of the estate of the father of the feme covert ; and the question was, whether the maker of such a note could be summoned as trustee of the husband in a suit at law under our trustee process ; and it was held that he might be. It will be perceived, that here was no question of right of survivorship, as both husband and wife were living. The question was merely, whether a creditor might compel the exercise of the undoubted right of the husband to collect this chose in acti. n. The case required no adjudication adverse to the rights of the wife by survivorship, and could only operate upon those rights indirectly. The husband has a qualified or conditional property in himself in all choses in action accruing during coverture, and he may, at his pleasure, during his life, reduce them to possession ; and in such an event they become absolutely his. This right, and under the same limitations, this Court holds to be the subject of a process in favor of the creditors of the husband. We consider it as a statute assignment, and give the same effect to it, although effected by a compulsory process, as would be given to a voluntary assignment by the husband. I am aware, that on this point a different rule has been adopted in some of our sister States ; but in this Commonwealth, the principles above stated have been often applied and the rule is well settled.

In *Commonwealth* v. *Manley*, a question arose as to the property in a note given for a distributive share inherited by a feme covert, the note not being made to her as payee, but held as indorsee. The note was described in the indictment as the sole property of the feme covert ; and the Court held, that this was erroneous. Of the correctness of this decision there can be no question ; inasmuch as whether this note would or would not vest in the wife as survivor, the husband had in either view of the case, a present interest in the note, and the

rules of criminal law require this interest to be accurately set forth in the indictment. The case itself therefore did not require a decision of the present question, and cannot be considered as a direct authority in reference to it. It must be admitted, however, that in this, as well as in the case of *Shuttlesworth* v. *Noyes*, there may be found *dicta* of the judge who pronounced the opinion, which, if they had been applied by the Court to a question arising upon a state of facts like those existing in the present case, would be strong judicial authorities against the right of the wife.

The case of *Goddard* v. *Johnson*, 14 Pick. 352, was an action brought by the husband, after the decease of his wife, to recover a legacy given to the wife during coverture. The Court sustained the action. That the avails of this legacy belonged to the husband is very clear, and, as has been before remarked, is in accordance with the rule of the English courts ; but it is not there understood as militating against the principle of the right of the wife to the legacy, if she survives, as is shown by the cases already cited on the general question. The only doubt as to this case is, whether the husband ought not to have taken letters of administration upon the estate of his wife, and instituted his suit as such administrator.

*Clapp* v. *Stoughton*, 10 Pick. 468, was a case where the wife had survived her husband, but she also had died before the action was brought, and the question raised was, whether the administrator of the wife could maintain an action for the rents and profits of the real estate of the wife which had accrued during coverture, but had not been collected or reduced to possession by the husband. The decision was against the right of the wife, but it was remarked by the Court, that the case was not free from doubt, and that the authorities were conflicting and not easily reconciled. It will readily be perceived that the above case differs materially from the case at bar. That denied the right of the wife as survivor, to the income which had accrued during coverture from her real estate. In this the Court are asked to deny to the wife her right as survivor, to the principal of a fund inherited by her during coverture. It would seem to be a very reasonable doctrine, that the husband should enjoy as his own acquisition

the annual income of the real estate of his wife. The effect of the marriage is to give him a freehold in her real estate ; and this should draw with it an absolute right to the rents and profits accruing from it during the continuance of his interest in the estate.

In considering the state of this question in reference to our own decisions, we should not overlook the case of *Draper* v *Jackson*, 16 Mass. R. 480, where this Court ruled in favor of the wife, as survivor, as to the property of a note and mortgage given to the husband and wife, during coverture. The principles settled in that case have been considered as modifying, if not overruling to some extent, the reported opinion pronounced by the judge, who stated the decision of the Court in the case of *Shuttlesworth* v. *Noyes*. It is understood by the Supreme Court of Pennsylvania as entirely overruling it. 4 Rawle, 177.

Another case also entitled to some consideration is that of *Deane* v *Richmond*, 5 Pick. 468, where the more immediate question decided was as to the effect of a divorce, *a mensâ et thoro*, upon the choses in action accruing in right of the wife ; but in the opinion of the Court it is distinctly stated, that a promissory note given to the wife during coverture with the consent of the husband for certain real estate of the wife, would survive to the wife, in case of the death of the husband, if he had not reduced it to possession.

It seems to me, upon a careful review of all the cases in which this subject has been incidentally or otherwise, before this Court, that the adjudications are not of so controlling and decisive a character as to preclude us from the full consideration of the question upon general principles and with reference to the decisions of other judicial tribunals and the opinions of learned commentators. The result of such a consideration of the question now presented for our adjudication is a full conviction on our minds, that there is no such distinction as to the rights of survivorship by the wife, between those choses in action that accrue before and those that accrue during coverture, as is claimed by the counsel for the administrator of the husband, but that in either case, if the husband die without reducing them to possession, they survive to the wife. Such I

apprehend is the well settled law of England, and the same doctrine has been distinctly recognised in the States of New York, Pennsylvania, South Carolina and Virginia. It has had the sanction of Lords *Hardwicke* and *Tenterden* in England, of Chief Justice *Marshall*, Chancellor *Kent*, and many other eminent jurists in this country.

The Court are therefore of opinion, that the appellant, Mrs. Hayward, is entitled to the distributive share in the estate of her late father, which descended to her during coverture, her husband having deceased without reducing it to possession.

*Decree in favor of the appellant.*